OPINION
McKEE, Chief Circuit Judge.
Grapetree Shores, Inc., d/b/a/ Divi Carina Bay Resort (hereinafter “Grapetree”) and Patrick Henry, a Grapetree employee, appeal from an order of the district court denying their motion to stay litigation filed against them by Charlesworth Nicholas, a former Grapetree employee, pending arbitration. For the reasons that follow, we will affirm the district court.
Because we write primarily for the parties, we will recite only as much of the facts as is necessary for the disposition of this appeal. On or about October 29,1999, Nicholas entered into an Hourly Employment Agreement with Grapetree. Under the terms of the Agreement, Nicholas agreed to arbitrate “[a]ny controversy or claim arising out of or relating in any way to this Agreement, to the breach of this Agreement, and/or to Employee’s employment with Employer, or to the suspension or termination of Employee’s employment with Employer.” Hourly Employee Agreement, ¶ 16. Nicholas also agreed that “claims or matters arising out of or relating in any way to ... Employee’s dealings with Employer ... shall be considered arbitrable.” Id., ¶ 17.
Nicholas was suspended on July 27, 2003, and ultimately terminated by Grape-tree, as a result of his union organizing activity at Grapetree on behalf of the Virgin Islands Workers Union' (“VIWU”), AFL-CIO, Local 611. In response, Nicholas filed an Unfair Labor Practice Charge with the National Labor Relations Board with regard to his suspension. On December 12, 2003, Nicholas and Grapetree entered into a Settlement Agreement and General Release which provided, in relevant part, that Grapetree agreed “that it will treat Nicholas’s separation from employment as a voluntary resignation and shall remove the documentation concerning the termination from his personnel file.”
After leaving his employment at Grape-tree, Nicholas became the acting President of the VIWU and sought to unionize Gra-petree’s employees. In June 2004, he filed a petition with the National Labor Relations Board, requesting a new election of union officers for Grapetree employees.
In response to Nicholas’ organizing efforts, Grapetree held a meeting of its employees on June 22, 2005. Nicholas alleges that at that meeting, Patrick Henry, a Grapetree employee, made false statements about him that amounted to defamation and slander, including, but not limited to, a statement that Nicholas had been terminated by Grapetree for misconduct.
Nicholas then filed an action against Grapetree and Henry alleging defamation, breach of the Settlement Agreement, and intentional and negligent infliction of emotional distress.[1] In time, Grapetree and Henry filed a motion to stay the litigation, contending that Nicholas’s claims are governed by the arbitration provisions in the Hourly Employee Agreement. On July 245, 2008, the district court denied the motion to stay, holding that Nicholas’ claims “do not arise out of or relate to the *9 Hourly Employee Agreement.” App. 4. We agree with the district court. As it explained:
Although the defamation claims concern statements that were allegedly made about the reasons that Nicholas is no longer employed by [Grapetree], they do not arise out of or relate to his suspension or termination from [Grapetree]. In this action, Nicholas does not complain about the manner in which his employment. ended with [Grapetree]. His accusations concern only what [Gra-petree] and Henry said about him to others, years after the ending of his employment. The claims do not involve “Employee’s dealings with Employer,” because his dealings with [Grapetree] with respect to his post-employment organizing efforts are not the dealings of an “Employee” with his “Employer.” Rather, they are the dealings of a union organizer with a company and its management.
App. 4-5. For these reasons, we will affirm the district court.

. Nicholas filed suit in the Superior Court of the Virgin Islands. Grapetree and Henry removed the action to the district court pursuant to Section 301 of Labor Management Relations Act.